UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID LEWERENTZ**, <br><br> *Plaintiff*, <br> v. <br><br> **THE 1411 STATE PARKWAY CONDOMINIUM ASSOCIATION**, <br><br> *Defendant*. | Civil Case No.: 1:23-cv-1635 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## BACKGROUND

### Introduction

1. This action arises out of Defendant, The 1411 State Parkway Condominium Association's ("Defendant"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. In violation of 47 U.S.C. § 227(b), Defendant has placed dozens of prerecorded telephone calls to Mr. Lewerentz's cellular telephone without his consent.

3. All of these telephone calls were made using an artificial or prerecorded voice.

4. Mr. Lewerentz never provided consent for these calls.

5. These calls continued after Mr. Lewerentz asked Defendant to stop calling him on multiple occasions.

6. Accordingly, the calls to Mr. Lewerentz's cellular telephone were made in violation of the TCPA.

7. By continuing to call Mr. Lewerentz despite numerous requests to stop, Defendant intentionally intruded upon Mr. Lewerentz's solitude, seclusion, and private affairs in a highly offensive manner.

8. Accordingly, Mr. Lewerentz brings this TCPA action under 47 U.S.C. §227(b) and related state law claims.

**The Telephone Consumer Protection Act**

9. The TCPA was enacted in 1991 to prevent unwanted telephone calls and solicitation, provide power to individuals to prevent unwanted telephone calls and solicitations, and rein in unrestricted telecommunications. *See* 47 U.S.C. § 227, *et seq*.

10. The TCPA provides private rights of action for various types of telecommunications-related misconduct.

11. Relevant here, section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

12. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

13. The TCPA also provides for permanent injunctive relief to enjoin Defendant from violating the TCPA. *See* 47 U.S.C. § 227(b)(3)(A).

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the … laws [,] … of the United States."), as that cause of action arises under a federal statute, *to wit*, the TCPA. *See Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 132 S. Ct. 740, 181 L.Ed.2d 881 (2012) (unanimously holding that federal courts have subject matter jurisdiction for claims arising under the TCPA, specifically, 47 U.S.C. §227(b)(3) pursuant to 28 U.S.C. § 1331).

15. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claim that they form a single case or controversy.

16. This Court has specific personal jurisdiction over Defendant because Defendant is located in this District and maintains principal offices in this District.

17. Venue is proper in this District because the Defendant conducts significant amounts of business transactions within this District and because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in, was directed to, and/or emanated from this judicial district. *See* 28 U.S.C. § 1391.

## **PARTIES**

18. Plaintiff David Lewerentz ("Mr. Lewerentz") is a citizen and resident of Chicago, Illinois.

19. Mr. Lewerentz is a "person" as defined by 47 U.S.C. § 153(39).

20. Defendant The 1411 State Parkway Condominium Association is an Illinois non-profit corporation.

21. Defendant may be served via its registered agent, KSN Registered Agent, LLC, located at 175 N. Archer Avenue, Mundelein, Illinois 60060.

22. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23. Defendant placed, or had placed on its behalf, automated, prerecorded and/or artificial voice calls to Mr. Lewerentz.

24. As such, Defendant is directly liable for the violations of the TCPA alleged herein.

25. Alternatively, the acts complained of herein were carried out by agents operating

for Defendant's benefit, or with actual, implied or apparent authority of Defendant, such that the Defendant is vicariously liable as to all Counts herein.

## FACTUAL ALLEGATIONS

26. Mr. Lewerentz is the user of a cellular telephone number ending in 7270.

27. Mr. Lewerentz was previously employed by Defendant as the Chief Building Engineer for Defendant's condominium buildings located at 1411 N. State Parkway, Chicago, Illinois 60610 and 10 East Schiller Street, Chicago, Illinois 60610 (the "Buildings").

28. During his employment, Defendant, or its agent, programmed the elevator call buttons in the elevators located in the Buildings to call Mr. Lewerentz's cellular telephone when the buttons were pressed.

29. Mr. Lewerentz did not program the elevator call buttons in the elevators located in the Buildings to call his cellular telephone when the buttons were pressed.

30. When any person would press the call button (intentionally or unintentionally), an artificial voice call would be made to Mr. Lewerentz's telephone number ending in 7270 notifying him that the button was pressed and prompting him to press a number to speak with the elevator's occupant(s).

31. These calls come from telephone numbers (312) 664-0036 and (312) 664-0165.

32. Defendant's telephone records will reveal the exact number of calls Defendant placed to Mr. Lewerentz after his employment ended, as well as the exact dates and times of the calls.

33. Mr. Lewerentz has received dozens of calls since his employment with Defendant ceased.

34. Mr. Lewerentz was aware that the telephone calls used an artificial or prerecorded

voice message because of his familiarity with normal human interaction, intonation, manners of speaking, and his inability to engage the artificial or prerecorded voice in reciprocal, sensical communication or banter.

35. During his employment with Defendant, Mr. Lewerentz would routinely field such calls and would take appropriate action in response to such calls from occupants in the elevators.

36. Mr. Lewerentz's employment with Defendant ended in September 2018.

37. Mr. Lewerentz never provided prior express consent (or any consent) to Defendant for these telephone calls after his employment with Defendant ceased.

38. In fact, as described below, Mr. Lewerentz expressly revoked any consent Defendant had to place these calls to his cellular telephone after his employment ceased.

39. Prior to the end of his employment, Mr. Lewerentz was responsible for training his successor.

40. Mr. Lewerentz instructed Defendant's new property management company, Forth Group, to change the telephone number associated with the elevator call buttons so that it would not call his cellular telephone after his employment ended.

41. Specifically, Mr. Lewerentz demonstrated how the elevators would call his cellular telephone to Jennifer Taylor of the Forth Group, by pressing the button in her presence and showing her how it would call his cellular telephone.

42. Mr. Lewerentz then instructed Ms. Taylor to change the number from his cellular telephone number ending in 7270 to the number of an individual that would be responsible for the elevator calls after his employment ended.

43. Both Ms. Taylor and Defendant failed to take any action to ensure Mr. Lewerentz would no longer receive service calls at his telephone number.

44. After the conclusion of his employment, Mr. Lewerentz continued to receive automated voice calls from the elevators in the Buildings when occupants would press them.

45. On numerous occasions, Mr. Lewerentz informed Ms. Taylor that he was still receiving calls and that they were unwanted.

46. On numerous occasions, Mr. Lewerentz requested that Ms. Taylor have Defendant or its new property management company, Forth Group, change the telephone number associated with its elevator call buttons.

47. Mr. Lewerentz's requests were ignored as neither Defendant nor Forth Group took any action to remove his telephone number and allowed the calls to continue.

48. Mr. Lewerentz also contacted Defendant's new engineer, Rusmir Bauk, numerous times to express his concern, advise that the calls were unwanted, and request that the calls stop.

49. Mr. Bauk assured Mr. Lewerentz that he would have the number changed on numerous occasions, but failed to do so.

50. Mr. Lewerentz also approached Defendant's President, Ms. Mili Tomanic to advise her of the issue and the unwanted nature of the calls.

51. Ms. Tomanic shrugged Mr. Lewerentz off and ignored his requests.

52. These calls would occur at all hours of the day and night and, more often than not, were the result of a resident bumping into the button while loading groceries or other items into the elevator or a curious child pressing the button.

53. These call are unwanted, harassing, stressful and violate Mr. Lewerentz's right to privacy.

54. Mr. Lewerentz has repeatedly asked that the calls stop and has spent an inordinate amount of time requesting that the number be changed to the appropriate responsible party – a

6

simple task that should have been completed when Mr. Lewerentz's employment with Defendant ceased.

55. Prior to filing this lawsuit, Mr. Lewerentz sent certified letters to Defendant and its property management company requesting that the calls stop.

56. In response to his letter, Defendant's management placed additional calls to Mr. Lewerentz's cellular telephone using the elevator call buttons in the Buildings and mocked Mr. Lewerentz when he answered the phone.

## **DEFENDANT'S LIABILITY**

57. Because Defendant utilizes artificial, prerecorded messages, Defendant was required to obtain prior express consent from the persons to whom Defendant made the calls. *See* 47 U.S.C. § 227(b).

58. Mr. Lewerentz never provided Defendant with any consent, written or otherwise for these calls after his employment ceased.

59. In fact, Mr. Lewerentz repeatedly revoked his consent to be contacted by Defendant.

60. Accordingly, Defendant's calls to Mr. Lewerentz using an artificial or prerecorded voice violates 47 U.S.C. § 227(b).

61. For violations of 47 U.S.C. § 227(b), Mr. Lewerentz is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

62. Mr. Lewerentz is entitled to up to $1500 per call because Defendant's actions were knowing or willful. *See* 47 U.S.C. § 227(b)(3)(C).

63. Mr. Lewerentz has suffered concrete harm because of Defendant's unwanted and unsolicited calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;
- Invasion of privacy;
- Stress; and
- Nuisance.

64. These forms of actual injury are sufficient for Article III standing purposes.

## FIRST CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227(b)**

65. Mr. Lewerentz incorporates the foregoing allegations as if fully set forth herein.

66. Defendant placed, or had placed on its behalf, artificial or prerecorded voice telephone calls to Mr. Lewerentz's cellular telephone number without prior express consent.

67. The telephone calls were not made for emergency purposes.

68. Defendant has therefore violated 47 U.S.C. § 227(b).

69. As a result of Defendant's unlawful conduct, Mr. Lewerentz is entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. Mr. Lewerentz is entitled to an award of treble damages in an amount up to $1,500 for each violation per call because Defendant's conduct was knowing and willful. *See* 47 U.S.C. § 227(b)(3)(C).

71. Mr. Lewerentz is entitled to an award of injunctive and other equitable relief as necessary to protect his interests, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein. *See* 47 U.S.C. § 227(b)(3)(A).

## SECOND CAUSE OF ACTION
**Invasion of Privacy**

72. Mr. Lewerentz incorporates the foregoing allegations as if fully set forth herein.

73. Defendant intentionally intruded upon Mr. Lewerentz's solitude, seclusion, private affairs, and concerns.

74. Defendant's intrusions incessant intrusions were highly offensive to a reasonable person, unwarranted, and unjustified.

75. Defendant's intrusions are highly offensive to Mr. Lewerentz.

76. The Restatement (Second) of Torts provides that unwanted telephone calls give rise to a claim for invasion of privacy. *See* Restatement (Second) of Torts § 652B cmt. d.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff David Lewerentz prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

B. An award of injunctive and other equitable relief as necessary to protect his interests, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages;

E. Pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs, and

G. Such other and further relief that the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Plaintiff DAVID LEWERENTZ,

By: <u>  Thomas A. Zimmerman, Jr.</u>

Thomas A. Zimmerman, Jr. (IL #6231944)
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*tom@attorneyzim.com*

Max S. Morgan
*max.morgan@theweitzfirm.com*
Eric H. Weitz
*eric.weitz@theweitzfirm.com*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875

*Counsel for Plaintiff*